**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEAUMONT INDEPENDENT SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants.<br><br>MARCELINO RODRIGUEZ et al.,<br><br>Intervenors. | Civil Action 13-401  (BMK-ESH-RC) |

**MEMORANDUM OPINION AND ORDER**

The Beaumont Independent School District ("BISD" or the "school district") has brought this declaratory judgment action under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. BISD asks the court to declare that "its redistricting Plan 7B, and those voting changes occasioned by the decision of the Ninth Court of Appeals," Am. Compl. ¶ 47, "neither ha[ve] the purpose nor will have the effect of denying or abridging the right to vote on account of race[,] or color, or [language minority status]," 42 U.S.C. § 1973c(a).

The "decision of the Ninth Court of Appeals" to which the complaint refers is *In re Rodriguez*, ___ S.W.3d ___, No. 09-13-115, 2013 WL 1189005 (Tex. App. Mar. 18, 2013) (per curiam). In that case, the Texas Court of Appeals for the Ninth District granted a petition for mandamus brought by three individuals (the "*Rodriguez* plaintiffs") who had filed to be candidates in the BISD Board of Trustees election then scheduled for May 11, 2013. BISD had

rejected their filings, explaining that they sought to represent electoral districts with incumbent trustees whose terms had not expired. *Id.* at *1. But the *Rodriguez* plaintiffs argued and the Texas Court of Appeals ruled that BISD had not "expressly provided for the trustees in office to serve for the remainder of their terms" when it adopted its redistricting plan, *id.* at *5—and therefore, under Texas law, all seven Board seats were up for election, *id.* at *6 (interpreting TEX. EDUC. CODE §§ 11.052(h), 11.053(a)). The Texas Court of Appeals ordered BISD to certify the *Rodriguez* plaintiffs as unopposed candidates, because no one else had filed to run for the seats they sought and the filing deadline had passed. *Id.* at *5–6. Relying on its reasoning in *Rodriguez*, the court issued a similar order as to Michael Scott Neil, an incumbent Board member who had filed for re-election. *In re Neil*, No. 09-13-144 (Tex. App. Mar. 28, 2013) (per curiam).

Believing that *In re Rodriguez* and *In re Neil* had effected voting changes requiring preclearance under Section 5, BISD submitted the results of those decisions to the Attorney General. BISD also submitted its redistricting plan. The Attorney General's designee refused to preclear the certification of the *Rodriguez* plaintiffs and Mr. Neil as unopposed candidates, expressing particular concern at the state court's decision not to re-open the candidate filing period when it ruled that all seven Board seats would be filled in the May election. Letter from Thomas E. Perez to Melody Chappell at 6 (Apr. 8, 2013). He requested additional information about the redistricting plan, and noted that he would have sixty days to consider that submission once it was complete. *Id.* at 6–7.

BISD also sought preclearance from this court. The Attorney General was granted a temporary restraining order to prevent BISD from holding an election until its redistricting plan

and any other voting changes had been precleared.  After the *Rodriguez* plaintiffs and Michael Scott Neil intervened and conceded that the redistricting plan could not be precleared in time, the court entered a preliminary injunction requiring BISD to cancel the May election, which it did.

BISD has now decided to hold the election in November, and to treat *In re Rodriguez* as a nullity.  *See* BISD Br. on *Rodriguez* at 10–13.  It has good reason to do so.

*In re Rodriguez* was exclusively concerned with the effect of BISD's actions in the run-up to the scheduled May election.  On December 27, 2012, BISD issued a notice of deadline to file applications to run for Board seats.  The notice established a filing period of January 30 through March 1, 2013, but did not specify which positions would be open.  *In re Rodriguez*, 2013 WL 1189005, at *1.  On February 21, 2013, BISD adopted a redistricting plan and issued an order calling for a May 11 election for three of the seven seats on the Board of Trustees.  *Id.* at *2.  On March 1, the *Rodriguez* plaintiffs and Michael Scott Neil each filed to run for one of the other four seats.  *Id.* at *1.  BISD rejected their applications on March 4, *id.*, and, on March 8, amended its election order, reverting to the electoral districts that were established after the 2000 census, *id.* at *2.

The Texas Court of Appeals found many flaws in these decisions.  That court held that redistricting to account for the 2010 census was required by both state statute and the federal constitution, and so voided the March 8 order.  *Id.* at *3.  The *Rodriguez* court found that the February 21 order violated two timing provisions of state law by establishing new election districts too close to the date of the election in which they would be used, but the court exercised its equitable power and considered those timing requirements to be satisfied.  *Id.* at *5–6.  Interpreting the December 27 notice, which did not identify the Board seats that would be open

in the May election, the *Rodriguez* court then held that state law required all seven trustee positions to be filled, because BISD had not explicitly stated its intention to allow the incumbent trustees with unexpired terms to remain in office after redistricting.  *Id.*[1]

Nothing in *Rodriguez* contemplates the cancellation of the May election, or attempts to govern the conduct of a contest held at a later date.  Rather, that decision works out the consequences of three BISD actions—the December 27 notice, and the February 21 and March 8 orders—in the context of a rapidly approaching election.  Each of those actions has been overtaken by events.  BISD has cancelled the May election and called for a new election to be held in November.  It has decided that three Board seats will be open in that election, and that four trustees—Mr. Neil and the three who the *Rodriguez* plaintiffs hoped to replace—will serve until their terms expire in 2015.  Resolution of the Beaumont Independent School District at 3 (Apr. 29, 2013).  BISD intends to open a new candidate filing period before the November election.  Am. Compl. ¶ 50.  It is not attempting to give *Rodriguez* a present application.

Under Section 5 of the Voting Rights Act, this court has the limited authority to determine whether a submission requires preclearance—that is, whether a covered jurisdiction seeks to implement voting changes—and, if it does, to decide whether any voting change has a retrogressive effect or a discriminatory purpose.  *See Allen v. State Bd. of Elections*, 393 U.S. 544, 558–59 (1969).  Despite the language in its complaint, BISD is not currently seeking to implement "voting changes occasioned by" *In re Rodriguez*.  And, having examined the decision itself, the court finds that *In re Rodriguez* did not occasion any voting changes that would apply

---

[1] Taken together, BISD's actions do seem to imply an intention to allow the incumbent trustees with unexpired terms to remain in office.

to a November election not governed by the superseded notice and orders at issue in that case.

Because BISD has rightly concluded that *In re Rodriguez* and its companion *In re Neil* have no application to future elections, its petition for a declaratory judgment granting preclearance for "those voting changes occasioned by the decision of the Ninth Court of Appeals," Am. Compl. ¶ 47, is hereby **DISMISSED** as moot.

**SO ORDERED** this 10th day of May 2013.

/s/
BRETT M. KAVANAUGH
United States Circuit Judge

/s/
ELLEN SEGAL HUVELLE
United States District Judge

/s/
RUDOLPH CONTRERAS
United States District Judge